UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:                                              )
                                                    )
TIMOTHY DENISON                                     )          CHAPTER 13
                                                    )
                              Debtor                )          CASE NO. 21-30466-jal
                                                    )

## DEBTOR'S TRIAL BRIEF

* * * * *

Comes now the Debtor, Timothy Denison, by counsel, and for his Trial Brief, states as follows:

## Procedural History

Debtor, a practicing attorney for 32 years, filed his Chapter 13 case on March 4, 2021. His primary creditor is the Internal Revenue Service, with alleged claims totaling $228,468.03 for the tax years 2006, 2007 and 2011.

On March 26, 2021 Debtor filed his Chapter 13 Plan. On April 16, 2021 the IRS filed its Objection to Confirmation of the Plan. On January 19, 2022 the Debtor filed his Objection to the IRS claims and after many months of suppling the Service with Responses to Discovery Requests, the confirmation of Debtor's plan is now dependent upon the claims of the Service being reduced to a sum the Debtor believes is accurate.

## The Disallowance of Schedule "C" Deductions

The Internal Revenue Service Tax Code, Section § 26 U.S.C. § 162 states in part:

**(a)** In general, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

**(1)** a reasonable allowance for salaries or other compensation for personal services actually rendered;

**(2)** traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and

**(3)** rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

For tax year 2006, the Debtor claimed ordinary and necessary business expenses of $110,522.00. The Service disallowed:

> $ 52,672.00 in "Other Expenses"
> $12,000.00 of § 179 deductions
> $14,614.00 in Car/Travel Expenses

Total    $79,286.00

For tax year 2007, the Debtor claimed ordinary and necessary business expenses of $124,491.00. The Service disallowed:

> $57,822.00 in "Other Expenses"
> $15,153.00 in Car/Travel Expenses

Total    $72,975.00

For tax year 2011, the Debtor claimed ordinary and necessary business expenses of $140,844.00. The Service disallowed:

> $29,598.00 Rent/lease
> $37,370.00 Contract labor
> $28,704.00 in "Other Expenses"
> $9,769.00 Travel
> $13,768.00 in Car/Travel expenses

Total    $119,209.00

For taxable years 2006, 2007 and 2011, the Debtor was a full-time attorney-at-law. The disallowance of the majority of his business expenses most likely occurred due to his failure to appear for meetings with the I.R.S. Notwithstanding this, it defies logic that a full-time attorney doesn't pay rent for his office, pay staff members, travel, phone, court costs, etc.

On page 2 of Schedule "C" is a section titled "Other Expenses", which carries over to page 1. As stated above, for year 2006 this section totaled $52,672.00; for 2007, $57,822.00; and for 2011 $28,704.00. Rather than putting some thought into it, the Service decided to *carte blanche* disallow 100% of these deductions. Clearly, this constitutes grounds to re-visit these business deductions.

Respectfully submitted,


*/s/ David M. Cantor*
DAVID M. CANTOR
SEILLER WATERMAN LLC
22nd Floor-Meidinger Tower
462 S. Fourth Street
Louisville, KY 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: cantor@derbycitylaw.com
*Counsel for Debtor*

## CERTIFICATE

I hereby certify that on August 16, 2022, a true and correct copy of the foregoing was (a) mailed electronically through the U.S. Bankruptcy Court=s ECF system at the electronic addresses as set forth in the ECF system to the U.S. Trustee, and all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to those persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.


*/s/ David M. Cantor*
DAVID M. CANTOR


G:\DOC\DMC\DENISON, TIMOTHY\PLDGS\TRIAL BRIEF.DOCX